UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA NEIL | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| ZWICKER & ASSOCIATES, PC | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Donna Neil, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Donna Neil, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this district is proper in that Defendant transacts business and maintains a place of business here.

## III.     PARTIES

4.     Plaintiff, Donna Neil, is an adult natural person residing at 1134 Killington Arch, Chesapeake, VA 23320.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, Zwicker & Associates, PC at all times relevant hereto, is a professional corporation engaged in the business of collecting debt in the State of New Jersey, with a place of business located at 16 S Haddon Ave #1, Haddonfield, NJ 08033-1887.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7.     Starting in early 2010, Plaintiff has been subject to undue stress and harassment caused solely by Defendant and its agents while attempting to collect a consumer debt.

8. Plaintiff agreed to make monthly payments to Defendant in the amount of $100.00.

9. Defendant filed suit against Plaintiff and claimed that the only way Plaintiff could stop legal proceedings would be to increase the monthly payment that she was making at the time.

10. As a result of Defendant's threats, Plaintiff reluctantly entered into a payment plan under which she paid $200.00 monthly, or double her previous monthly payment of $100.00, to Defendant until she lost her job in November 2010.

11. On November 19, 2010 Plaintiff called Defendant to explain that she needed to re-work her payment arrangements because she was now unemployed.

12. Defendant refused Plaintiff's willingness to continue to make payments and instead threatened to proceed with a lawsuit.

13. During the aforementioned phone call, an agent of Defendant asked Plaintiff, "When was the last time you looked at your bank account? We took $4,000.00 from it."

14. Defendant's agent wanted Plaintiff to make a payment of $500.00 which the agent claimed would satisfy the balance in its entirety, since $4,000.00 was removed from her bank account and credited towards her balance.

15. Plaintiff did not have $4,000.00 in her bank account at the time.

16. By making such a threat, Defendant was merely attempting to coerce a payment of $500.00 by leading Plaintiff to believe that it would then settle the outstanding debt in full.

17. Plaintiff was also threatened with wage garnishment if a payment was not made, despite the fact that she was currently unemployed and does not have incoming wages that could be garnished.

18. Plaintiff received a phone call from "Victor", an agent of Defendant, on December 2, 2010.

19. "Victor" demanded a payment and quoted the particulars of Plaintiff's credit report, including information about her mortgage and car payment, and proceeded to ask Plaintiff what kind of car she owned and commented on the amount of her monthly payment.

20. Plaintiff reiterated that she could no longer make $200.00 payments every month and "Victor" stated that Defendant has already started "post judgment remedies."

21. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

25. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I – FDCPA
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |

§ 1692e(4):  Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment

§ 1692e(5):  Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692f(1):  Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Zwicker & Associates, PC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

V.    **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  December 15, 2010

BY: */s/  Bruce K. Warren*
Bruce K. Warren, Esquire
BY: */s/  Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff